UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

**CIVIL ACTION NO.**

HUGH GASTALDI,

              Plaintiff,

    -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, P.O. ANDRE
BLAKE and P.O. ORTIZ,

             Defendants.
------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

16-CV-436

Plaintiff, complaining of the defendants, by his attorney, MICHAEL DREISHPOON, ESQ., respectfully shows to this Court and alleges:

JURISDICTION

1.    Jurisdiction is founded upon the existence of a Federal Question.

2.    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States, Title 42 of the United States Code, Section 1983 and under the laws and statutes of the State of New York.

3.    Jurisdiction is founded upon U.S.C. Sections 1331 and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to

Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

4.     The matter in controversy exceeds, exclusive of interest and costs, the sum or value of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

<u>PARTIES</u>

5.     The plaintiff, HUGH GASTALDI, is a citizen of the United States, and is a resident of Queens County, State of New York.

6.     Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws and Constitution of the State of New York.

7.     Upon information and belief, at all times hereinafter mentioned, and on or about November 28, 2014, defendants, P.O. ANDRE BLAKE and P.O. ORTIZ, were employed by the defendant, NEW YORK CITY POLICE DEPARTMENT, as police officers.

8.     The defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD"), is a local governmental agency, duly formed and operating under and by virtue of the laws and Constitution of the State of New York and, as such, is responsible for the policies, practices and customs of the NYPD, as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

9.     Upon information and belief, at all times hereinafter

2

mentioned, the defendant, CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the police officers employed by the NYPD.

10.   This action arises under the United States Constitution, particularly under provisions of the First, Fourth and Fourteenth Amendments, Title 42 United States Code Section 1983 and arising under the laws and statutes of the State of New York.

11.   Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants, and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as a police officer or police officers of said State and City.

<u>PENDENT STATE CLAIMS</u>

12.   A Notice of Claim asserting causes of action for false imprisonment/false arrest and excessive force was served upon defendants, CITY OF NEW YORK and NYPD, on February 23, 2015.

13.   Plaintiff testified at a "50-h hearing" pursuant to General Municipal Law §50-h on May 12, 2015.

14.   More than thirty (30) days have elapsed since the Notice of Claim has been served upon the defendants and the defendants have neglected or refused to make any adjustment or payment thereof.

3

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

15.  Plaintiff, HUGH GASTALDI, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "14" with the same force and effect as if more fully set forth herein.

16.  On November 28, 2014, at approximately 6:15 P.M., on Pitkin Ave. near Vermont St. in Brooklyn, NY, the defendants, their agents, servants and employees wrongfully and falsely arrested, imprisoned and restrained plaintiff, HUGH GASTALDI, without any right or grounds therefore.

17.  At that time and place, the defendants also wrongfully and falsely accused plaintiff, HUGH GASTALDI, of committing the following crime: Criminal Possession of a Controlled Substance in the Seventh Degree (P.L. §220.03).

18.  The detention, arrest and imprisonment of plaintiff, HUGH GASTALDI, was caused by the defendants and/or their agents, servants and employees, without any warrant or other legal process and without authority of the law, and without any reasonable cause or belief that Plaintiff was in fact guilty of such offense.

19. Upon information and belief, on November 28, 2014, P.O. ORTIZ and/or P.O. ANDRE BLAKE wrongfully and unlawfully, against Plaintiff's wish, without probable cause, and on the false accusations then claimed, arrested and imprisoned Plaintiff, and with full force of arms, forcibly and violently seized, assaulted

4

and laid hold of Plaintiff and compelled him to go to the 75th Precinct.

20.   The defendants, their agents, servants and employees, acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff, HUGH GASTALDI, even though the defendants, their agents, servants and employees had the opportunity to know, or should have known, that the allegations were false and that Plaintiff did not break the law.

21.   Plaintiff, HUGH GASTALDI, was wholly innocent of said criminal charge and did not act in a criminal manner; nevertheless, he was forced by the defendants to submit to the aforesaid arrest and imprisonment entirely against his will.

22.   The defendants, their agents, servants and employees, as set forth above, intended to confine the plaintiff, HUGH GASTALDI, in that Plaintiff was conscious of the confinement, and defendants were not otherwise privileged.

23.   By reason of the false arrest, imprisonment and detention of plaintiff, HUGH GASTALDI, he was subjected to great indignities, humiliation and ridicule in being so detained and charged with the above-mentioned crime, and greatly injured in his credit and circumstances, and was then and there prevented and hindered from preforming and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body.

24.   By reason of the aforesaid, plaintiff, HUGH GASTALDI, has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and is entitled to an award of punitive damages.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

25.   Plaintiff, HUGH GASTALDI, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "24" with the same force and effect as if more fully set forth herein.

26.   The defendants, CITY OF NEW YORK and NYPD, were careless and reckless in hiring and retaining P.O. ORTIZ and P.O. BLAKE because they lacked the experience, deportment and ability to be employed by the defendants.  In addition, the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the officers in question who lacked the mental capacity and the ability to function as police officers; failed to investigate the background of the officers in question; failed to uncover that said officers lacked the maturity, sensibility and intelligence to be police officers.

27.   The aforesaid false arrest and false imprisonment were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees, without any negligence on the part of Plaintiff contributing thereto.

28.   By reason of the aforesaid, the plaintiff, HUGH GASTALDI, was injured in mind and body, and still suffers and, upon

6

information and belief, will continue to suffer, mental pain and anguish, and was rendered sick, sore, lame and disabled and so remains, and was incapacitated and will, upon information and belief, be so incapacitated in the future, as a result of the aforementioned false arrest and imprisonment.

29.   By reason of the aforesaid, the plaintiff, HUGH GASTALDI, has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

30.  Plaintiff, HUGH GASTALDI, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "29" with the same force and effect as if more fully set forth herein.

31.   The defendants, CITY OF NEW YORK and NYPD, their agents, servants and employees, negligently, carelessly and recklessly trained and supervised defendants, P.O. ORTIZ and P.O. BLAKE, and the other officers involved.   More specifically, the defendants failed to train said officers in the proper methods of restraining a suspect and how to control their tempers.   In addition, the defendants failed to give said officers proper instructions as to deportment, behavior and conduct.

32.   The aforesaid false arrest and imprisonment, assault and battery and the resulting injuries to Plaintiff's mind and body, were caused wholly and solely by reason of the negligence of the

defendants, without any negligence on the part of Plaintiff.

33. By reason of the aforesaid, Plaintiff, HUGH GASTALDI, was injured in mind and body, and still suffers and, upon information and belief, will continue to suffer, mental and physical pain and anguish, and was rendered sick, sore, lame and disabled and so remains, and was incapacitated and will, upon information and belief, be so incapacitated in the future, as a result of the aforementioned false arrest, imprisonment and excessive force.

34. By reason of the aforesaid, the plaintiff, HUGH GASTALDI, has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION

35. Plaintiff, HUGH GASTALDI, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "34" with the same force and effect as if more fully set forth herein.

36. The defendants, their agents, servants and employees, negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their duties as trained police officers would have used under similar circumstances in that they carelessly, recklessly and negligently arrested Plaintiff without doing a proper investigation; in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the

arrest of Plaintiff; in that they negligently, carelessly and recklessly, without provocation, interfered with Plaintiff's right of free movement in a public place; in that they negligently, carelessly and recklessly used a threat of physical force upon Plaintiff; in that they were otherwise negligent, careless and reckless.

37.   The aforesaid false arrest and imprisonment, assault and battery and the resulting injuries to Plaintiff's mind, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of Plaintiff.

38.   By reason of the aforesaid, Plaintiff was injured in mind and body, and still suffers and, upon information and belief, will continue to suffer, mental pain and anguish, and was rendered sick, sore, lame and disabled and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries to, and to extricate himself from, the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees.

39.   By reason of the aforesaid, Plaintiff has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

AS AND FOR A FIFTH CAUSE OF ACTION

40.  Plaintiff, HUGH GASTALDI, repeats, reiterates and
realleges each and every allegation contained in paragraphs marked
"1" through "39" with the same force and effect as if more fully
set forth herein.

41.  On Friday, November 28, 2014, at approximately 6:15 P.M.,
on the street in Kings County, Plaintiff was detained by NYPD
officers including, but not limited to, P.O. ORTIZ and P.O. ANDRE
BLAKE.  The officers then handcuffed Plaintiff, placed him in a
police van and drove him around Kings County for several hours.
Eventually they brought Plaintiff to the 75th Precinct where he was
detained in a jail cell.

42.  On Saturday, November 29, 2014, at approximately 1:35
A.M., Plaintiff was issued a Desk Appearance Ticket charging him
with Criminal Possession of a Controlled Substance in the Seventh
Degree (PL § 220.03).  Thereafter, Plaintiff was released from
custody.

43.  The officers had no probable cause to make such an arrest
and no reasonable grounds to believe that Plaintiff committed the
crime charged.

44.  Plaintiff should not have been issued a Desk Appearance
Ticket and forced to submit to court proceedings.

45.  On January 28, 2015, Plaintiff appeared in Criminal Court
of the City of New York, Kings County, to be arraigned on the Desk

Appearance Ticket.

46.   On that date, the defendants, their agents and employees falsely and maliciously prosecuted Plaintiff.

47.   The prosecution on the above-mentioned charge was instituted and procured by the defendants, their agents, servants and employees unlawfully, maliciously, and without any reasonable or probable cause whatsoever.   Also, the commencement of the criminal proceedings by the defendants against Plaintiff was without probable cause and with actual malice.

48.   Prior to the arraignment, a clerk at the courthouse informed Plaintiff that his case was dismissed and he did not have to appear before a judge.

49.   By reason of the aforesaid unlawful and malicious prosecution, plaintiff, HUGH GASTALDI, was deprived of his liberty, subjected to great indignity, humiliation and pain, and great distress to his mind and body.   In addition, he was held up to scorn and ridicule, was injured in his character and reputation, prevented from attending his usual business and avocation and injured in his reputation in the community.

50.   That by reason of aforesaid, Plaintiff has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

<u>AS AND FOR A SIXTH CAUSE OF ACTION</u>

51.   Plaintiff, HUGH GASTALDI, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "50" with the same force and effect as if more fully set forth herein.

52.   On November 28, 2014, at approximately 6:15 P.M., Plaintiff was lawfully driving on a public street in Kings County, NY.

53.   On that date and at that time, police officers, including P.O. ORTIZ and P.O. BLAKE, stopped Plaintiff's vehicle.

54.   As Plaintiff was lawfully and properly behind the wheel of his vehicle, P.O. ORTIZ and P.O. BLAKE, having the real and apparent ability to cause imminent harmful and offensive bodily contact, and the power and authority to arrest and imprison Plaintiff, who, after continuing his lawful activity, was forcefully detained.

55.   Immediately thereafter, the defendants falsely arrested and imprisoned Plaintiff, and deprived him of his rights and liberties as set forth in the Constitution of the United States and of the State of New York, by handcuffing him and threatening him with the possible use of weapons and the use of physical force and imprisoned him without any conduct on the part of Plaintiff to so warrant.

56.  All of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to Plaintiff, and to arrest, restrain and imprison him without his consent.  Plaintiff, at all times, was conscious of his arrest and did not consent to his arrest.

57. The arrest and imprisonment were not justified by probable cause or other legal privilege.  Moreover, the defendants, their agents, servants and employees, acting under the color of statutes, ordinances, regulations, customs and usages of the  City of New York, County of Kings and the New York City Police Department, and under the authority of their office as police officers for the police department, falsely charged Plaintiff, with Criminal Possession of a Controlled Substance in the Seventh Degree although the defendants, acting in such capacity, knew that such charges were false.

58.  The defendants, their, agents, servants and employees caused an assault and battery when P.O. ORTIZ and P.O. BLAKE forcibly handcuffed Plaintiff and failed to loosen the cuffs upon request.

57.  The defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior, and the performance of P.O. ORTIZ and P.O. BLAKE.  Moreover, the defendants' failure to enforce the laws of the State of New York is

13

evidence of their reckless lack of regard for the rights of the public, including Plaintiff, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

60. The failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants in the exercise of their functions and their failure to enforce the laws of the State of New York, the City of New York and the New York City Police Department was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York and the City of New York, including Plaintiff.

61. The defendants' failure to discipline or terminate P.O. ORTIZ and P.O. BLAKE represents a clear and present danger to the citizens of the City of New York and the State of New York.

62. The prosecution of, and the criminal charges against, Plaintiff were instituted and procured by the defendants, their agents, servants and employees unlawfully, maliciously and without any reasonable or probable cause whatsoever. The commencement of the criminal proceeding by the defendants against Plaintiff was without probable cause and with actual malice.

63. The defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was

14

violative of the constitutional rights of Plaintiff in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Kings, and under the authority of their office as police officers for the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT.

64.   Plaintiff, HUGH GASTALDI, did not commit any illegal acts, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the State of New York.

65.   As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, Plaintiff was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and compelled to appear in Criminal Court for an arraignment (as stated above, Plaintiff's case was dismissed prior to his arraignment).

66.   At all times hereinafter mentioned, P.O. ORTIZ and P.O. BLAKE were employed in their respective capacity by the defendant, NEW YORK CITY POLICE DEPARTMENT, and were acting under the color of their official capacities and their acts were performed under the color of policies, statutes, ordinances, rules and regulations of

15

the NEW YORK CITY POLICE DEPARTMENT.

67.  At all times hereinafter mentioned, defendants, P.O. ORTIZ and P.O. BLAKE, and unknown police officers, were acting pursuant to orders and directives from the defendants, CITY OF NEW YORK and  NEW YORK CITY POLICE DEPARTMENT.

68.  During all times hereinafter mentioned, P.O. ORTIZ and P.O. BLAKE, and their colleagues, separately and in concert, acted under color and pretense of the laws, statutes, ordinances, regulations and customs of the State of New York and City of New York; the defendants herein, separately and in concert, engaged in the illegal conduct herein mentioned, to the injury of Plaintiff, and deprived him of his rights secured by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

69.  Defendants, P.O. ORTIZ and P.O. BLAKE, and other police officers at the scene, as agents, servants and employees of defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, together with persons unknown to Plaintiff, acting under color of law, subjected Plaintiff, and prior thereto, other persons, to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonment, false arrest and malicious prosecution in denial of rights, privileges and immunities guaranteed to them and other citizens by the Constitution of the United States and the Constitution of the State of New York.

70.  This systematic pattern of conduct consists of a large

16

number of individual acts of violence, intimidation, false arrest, false imprisonment and malicious prosecution visited on Plaintiff and other citizens by members of the NEW YORK CITY POLICE DEPARTMENT, acting in concert with persons unknown to Plaintiff and under color of law; said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in during the course of protecting persons or property or civil order.

71.   Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, have not taken any steps or made any efforts to halt this course of conduct, to make redress to Plaintiff or other citizens injured thereby, or to take any disciplinary action whatsoever against any of their employees or agents.

72.   The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

(a) the right to be secure in his person and effect against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States;

17

(b) the right to be informed of the nature and cause of the accusations against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States;

(c) the right not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

73. By reason of the aforesaid violations, false arrest, false imprisonment, assault and battery and malicious prosecution, the defendants, their agents, servants and employees, conspired together to enter into a nefarious scheme to wrongfully deprive Plaintiff of his rights and compel him to abandon his rights and privileges as provided to him by the Constitution of the United States and the Constitution of the State of New York, and laws related thereto. In addition, Plaintiff was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation,  prevented from attending his usual business and vocation and was injured in his reputation in the community, and the acts aforementioned were committed with the aim of injuring and damaging Plaintiff.

74. By reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment, malicious prosecution and deprivation of his rights and liberties as

guaranteed by the aforementioned Constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiff, HUGH GASTALDI, was caused to suffer great bodily injury as described hereinabove.

75.  By reason of the aforesaid, Plaintiff has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

76.  By reason of the aforesaid, plaintiff, HUGH GASTALDI, requests the following relief:

      (a) compensatory damages in the sum of ONE MILLION TWO HUNDRED THOUSAND ($1,200,000.00) DOLLARS as per the schedule set forth below;

      (b) punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

      (c) an award of reasonable attorney's fees, costs and disbursements.

77.  Plaintiff requests a trial by jury of all issues involved in this complaint.

78.  Plaintiff also requests such and further relief as this Court may deem just and proper under the circumstances.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

ON THE FIRST CAUSE OF ACTION................$200,000.00

ON THE SECOND CAUSE OF ACTION...............$200,000.00

ON THE THIRD CAUSE OF ACTION................$200,000.00

ON THE FOURTH CAUSE OF ACTION...............$200,000.00

ON THE FIFTH CAUSE OF ACTION................$200,000.00

ON THE SIXTH CAUSE OF ACTION................$200,000.00

Dated: Forest Hills, NY
       January 27, 2016

Yours, etc.

MICHAEL DREISHPOON, ESQ.
Attorney for Plaintiff
118-35 Queens Blvd., Ste. 1500
Forest Hills, NY 11375
718-793-5555

## CERTIFICATION

Pursuant to 29 CFR 220.32, the undersigned, an attorney admitted to practice in the courts of the Eastern District of New York, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous, are well grounded in fact and are warranted by existing law.

Dated:   Forest Hills, NY
         January 27 , 2016

_____
MICHAEL DREISHPOON, ESQ.